UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYANT MANNING, et al.,

    Plaintiffs,

v.

CASE NO. 2:18-CV-13272
HONORABLE PAUL D. BORMAN

SAGINAW CO. JAIL,

    Defendant.
_____/

# OPINION AND ORDER OF SUMMARY DISMISSAL

## I.

Before the Court are Plaintiff Bryant Manning's *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983 and his motion for appointment of counsel. Plaintiff Manning, an inmate at the Saginaw County Jail in Saginaw Michigan, has been granted leave to proceed without prepayment of the filing fee for this action. In his complaint, Plaintiff Manning challenges the living conditions at the Saginaw County Jail and his treatment by jail officials. Plaintiff names the Saginaw County Jail as the sole defendant in this action and sues the jail in its official capacity. He seeks injunctive relief and monetary damages. Plaintiff lists two other Saginaw County Jail inmates, Tavaris Williams and Dennis Howard, as plaintiffs in this

case.  Those inmates, however, have not signed the complaint nor submitted the filing fees or application to proceed without prepayment of the filing fee.  Having reviewed the matter, the Court dismisses those two potential plaintiffs from this case, dismisses the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted, and denies the motion for appointment of counsel as moot.

II.

As an initial matter, the Court shall dismiss potential plaintiffs, inmates Tavaris Williams and Dennis Howard, from this case.  Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  Moreover, a prisoner cannot sign a pleading on behalf of another prisoner in a legal proceeding in federal court.  *See Valiant-Bey v. Morris*, 620 F. Supp. 903, 904 (E.D. Mo. 1985) (unlicensed jailhouse lawyer who claimed to be fellow prisoner's "counselor" could not sign documents on behalf of fellow prisoner in legal proceedings).[1]  In this case, only Plaintiff Manning signed the complaint and the

---

[1] Moreover, to the extent that Plaintiff Manning seeks to represent the other plaintiffs in this action, the Court would deny any such request because he cannot adequately protect the interests of other plaintiffs.  A *pro se* prisoner is inadequate to

2

motion for appointment of counsel and only Plaintiff Manning signed and submitted an application to proceed without prepayment of the filing fee. The other two inmates did not sign nor submit any documents. Accordingly, the Court dismisses without prejudice inmates Tavaris Williams and Dennis Howard from this action.[2]

### III.

Plaintiff Manning has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

---

represent the interests of his or her fellow inmates in a class action. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009); *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001).

[2]The Court notes that Williams and Howard have each filed their own civil rights cases concerning the conditions and treatment at the Saginaw County Jail, which are currently pending before other judges in this district. *See* Case Nos. 18-CV-12912, 18-CV-12913. This dismissal is without prejudice to those cases.

who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must

be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

Plaintiff Manning names the Saginaw County Jail as the sole defendant in this case. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled under Michigan law that county jails, sheriff departments, and other such agencies are not legal entities amenable to suit under 42 U.S.C. § 1983. *See Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co.*, No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); *Gross v. Evans*, No. 06-CV-13065, 2006 WL 2419195, *2 (E.D. Mich. Aug. 22, 2006); *see also Petty v. County of*

5

*Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007) (county sheriff's office was not a legal entity under Ohio law and was not subject to suit under § 1983); *Castillo v. Cook Co. Mail Room Dep't.*, 990 F.2d 304, 307 (7th Cir. 1993) (per curiam). Plaintiff Manning thus fails to state a claim upon which relief may be granted in his pleadings such that his complaint against the Saginaw County Jail must be dismissed. Given this determination, his motion for appointment of counsel must be denied as moot.

IV.

For the reasons stated, the Court concludes that inmates Tavaris Williams and Dennis Howard are not proper plaintiffs in this action and that Plaintiff Manning fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Tavaris Williams and Dennis Howard from this case, **DISMISSES WITH PREJUDICE** Plaintiff Manning's civil rights complaint against the Saginaw County Jail (although this dismissal is without prejudice to the filing of a new complaint in a new case naming proper defendants), and **DENIES** Plaintiff Manning's motion for appointment of counsel as moot.

Lastly, the Court concludes that an appeal from this decision would be frivolous and cannot be taken in good faith. 28 U.S.C. § 1915(a)(3). This case is closed.

**IT IS SO ORDERED.**

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: October 30, 2018